NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-13-0000888
01-JUL-2015
07:50 AM

NO. CAAP-13-0000888

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

PAUL KAUKA CULLEN, also known as PAUL KAUKA NAKI, et al.,
Plaintiffs-Appellants, v. MR. and MRS. RICHARD P. and
GWENDOLYN H. PERREIRA, et al., Defendants-Appellees

APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
MOLOKA'I DIVISION
(DC CIVIL NO. 13-1-0122)

AMENDED SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Fujise and Leonard, JJ.)

Plaintiff-Appellant Paul Kauka Cullen, also known as
Paul Kauka Naki (Cullen), *pro se*, appeals from the "Decisions and
Orders: 1) Granting Defendants' Motion to Set Aside Judgment
Filed March 15, 2013; 2) Setting Aside the Writ of Possession
Filed February 20, 2013; 3) Dismissing with Prejudice [Cullen's]
Claims Filed January 14, 2013," issued on April 24, 2013, in the
District Court of the Second Circuit, Moloka'i Division (District
Court).[1]

On appeal, Cullen appears to argue that the District
Court erred, violated his right to due process, and exhibited
bias against him by granting a "Motion to Set Aside Default
Entered February 8, 2013" (Motion to Set Aside Default), filed by
Defendants-Appellees Richard P. and Gwendolyn H. Perreira
(Appellees), and dismissing Cullen's January 14, 2013 "Complaint
(Assumpsit-Summary Possession/Landlord-Tenant, Damages)"
(Complaint).

---

[1] The Honorable Adrianne N. Heely presided.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Cullen's points of error as follows.

(1)   The District Court erred in granting the Motion to Set Aside Default, which was improperly filed on behalf of Appellees by Victoria Nohealani Kaluna-Palafox (Kaluna-Palafox),[2] who is unauthorized to practice law.   See Hawaii Revised Statutes §§ 605-2 (1993) and -14 (Supp. 2014); Oahu Plumbing & Sheet Metal, Ltd. v. Kona Constr., Inc., 60 Haw. 372, 377, 590 P.2d 570, 573 (1979).[3]

(2)   The District Court erred by dismissing the Complaint, where it appears that no motion to dismiss was pending and Cullen was given no notice that the court was contemplating dismissal.   See DCRCP Rule 41(b).   See, e.g., Compass Dev., Inc. v. Blevins, 10 Haw. App. 388, 395-96, 876 P.2d 1335, 1339 (1994); KNG Corp. v. Kim, 107 Hawai'i 73, 80, 110 P.3d 397, 404 (2005); Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995).[4]

---

[2]   Kaluna-Palafox is designated as "Victoria N. Kaluna-Palafox, Heir of Lydia Pua Kamoku, with written Permission by Douglas K. Kamoku-Personal Representative of the Estate of Lydia Pua Kamoku," in the Motion to Set Aside Default;  and as "Konohiki Victoria Nohealani Kaluna-Palafox, a Hawaiian National and Private Citizen, Agent representing her kin and 'Native Tenants' domiciled on said Hawaiian owned trust land," in another pleading filed in the district court.

[3]   We note that Appellees' motion to set aside did not include a affidavit by Appellees.   District Court Rules of Civil Procedure (DCRCP) Rule 12.1 provides,

> **Pleadings.**  Whenever, in the district court, in defense of an action in the nature of an action of trespass or for the summary possession of land, or any other action, the defendant shall seek to interpose a defense to the jurisdiction to the effect that the action is area action, or one in which the title to real estate is involved, such defense shall be asserted by a written answer or written motion, which shall not be received by the court unless accompanied by an affidavit of the defendant, setting forth the source, nature and extent of the title claimed by defendant to the land in question, and such further particulars as shall fully apprise the court of the nature of the defendant's claim.

[4]   The applicable rule, DCRCP Rule 12(b)(6), is essentially identical to its federal counterpart.   "In construing Hawai'i rules of procedure patterned after federal rules, interpretations of the cognate federal rules by the federal courts are deemed 'highly persuasive' by our appellate courts." Citicorp Mortg., Inc. v. Bartolome, 94 Hawai'i 422, 431, 16 P.3d 827, 836 (App. 2000).

Therefore, IT IS HEREBY ORDERED that the "Decisions and Orders: 1) Granting Defendants' Motion to Set Aside Judgment Filed March 15, 2013; 2) Setting Aside the Writ of Possession Filed February 20, 2013; 3) Dismissing with Prejudice Claims Filed January 14, 2013," entered on April 24, 2013, in the District Court of the Second Circuit, Moloka'i Division, is vacated, and the case is remanded for further proceedings consistent with this summary disposition order and without prejudice to Appellees' right to seek further relief.

DATED: Honolulu, Hawai'i, July 1, 2015.

On the briefs:

PAUL KAUKA CULLEN,
also known as
PAUL KAUKA NAKI,
Plaintiff-Appellant, *pro se.*

Chief Judge

Associate Judge

Associate Judge